IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR TBW MORTGAGE-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2007-2

      **Plaintiff**

vs.                                                                                                 No. 10-CV-450 JCH/WDS

MARGARET H. MARTINEZ, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.
(SOLELY AS NOMINEE FOR LENDER AND
LENDER'S SUCCESSORS AND ASSIGNS),
OCCUPANTS, WHOSE TRUE NAMES ARE
UNKNOWN, IF ANY, THE UNKNOWN SPOUSE
OF MARGARET H. MARTINEZ, IF ANY,

      **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendants' Notice of Removal filed May 10 2010[1], with Exhibits [Doc. 1, 4], Plaintiff's Opposition to Removal to U.S. District Court filed June 10, 2010, which the Court construes as a motion to remand under 28 U.S.C. §1447(c) [Doc. 6], Defendant's/Third Party Plaintiff's Response and Rebuttal to Plaintiff's Opposition to Removal to U.S. District Court filed June 30, 2010 with supporting Affidavit filed July 1, 2010 [Doc. 9, 10], Plaintiff/Third Party Defendants' Reply to Defendant/Third-Party Plaintiff's Response and Rebuttal to Plaintiff's Opposition to Removal to U.S. District Court filed July 16, 2010 [Doc. 12], and Claim

---

[1] The Notice of Removal was purportedly filed by Defendant Margaret Martinez although it was signed by Gregory B. Molinar as Trustee. Notwithstanding the fact that the Notice of Removal was filed only by Margaret Martinez, the Notice is captioned as *"Defendants'* Notice of Removal." (emphasis added). Because the Notice was filed by only Margaret Martinez, this Court will refer to all documents in connection with the Notice of Removal as "Defendant Martinez" or "Defendant" and not "Defendants."

of Rights by Affidavit of Margaret Maud Henry Martinez, Grantor filed August 17, 2010 [Doc. 18]. A hearing was held on Defendant's Notice of Removal on August 17, 2010 ("Hearing"). Having considered the Notice of Removal, Plaintiff's Opposition, Defendant's Response with supporting Affidavit, Plaintiff's Reply, Defendant's Claim of Rights by Affidavit, argument at the Hearing, and the applicable law, this Court recommends that Plaintiff's Motion to Remand be granted and this case be remanded to the Second Judicial District Court, Bernalillo County, New Mexico.

## BACKGROUND

Plaintiff filed its lawsuit in New Mexico's Second Judicial District seeking collection of a debt on a note and seeking foreclosure of the collateral securing the note in the form of a mortgage on real estate in Albuquerque, New Mexico.[Doc. 1, Exh. 1]. Plaintiff seeks judgment for the unpaid principal sum of $73,311.48 plus late charges, any amounts advanced for taxes, assessments, insurance or other expenses necessary to preserve the Property, with interest thereon at the rate of 6.8750% per annum from April 1, 2009 until paid. *Id.* In their Answer, Defendants appear to primarily attack the validity of any agreement between them and Plaintiff. [Doc. 4] Defendants included a purported counterclaim in its Answer; however, it appears to be against only the law firm and attorneys representing Plaintiff, whom Defendants refer to as "third party defendants." *Id.* Defendant Martinez filed a Notice of Removal on May 10, 2010 alleging federal question and diversity jurisdiction. [Doc. 1]. Plaintiff moves to remand the case claiming that this Court lacks both federal question and diversity jurisdiction and further asks this Court to strike all pleadings and other documents signed by Gregory B. Molinar because he is an unlicensed layperson representing Defendant Martinez. [Doc. 6, 12].

## DISCUSSION

**1. Plaintiff's Request to Strike all Pleadings and Other Documents Signed by Gregory B.**

**Molinar.**

Gregory B. Molinar signed Defendants' Answer and Counterclaim, Defendant Martinez's Notice of Removal, and Defendant Martinez's Response and Rebuttal to Plaintiff's Opposition to Removal as "Trustee" for Defendant Martinez, and Mr. Molinar attempted to speak on behalf of Defendant Martinez at the Hearing. Mr. Molinar admitted in the Hearing that he is not an attorney, licensed or otherwise. "An unlicensed layperson may only represent himself and not another individual or artificial entity." *Silver v. Brown,* 678 F.Supp.2d 1187 (D.N.M. 2009), *rev'd on other grounds,* 2010 WL 2354123 (10th Cir. (N.M.)) (quoting *Divine Church of God and Christ v. Taxation & Rev. Dept.,* 116 F.3d 1489(10th Cir. 1997), 1997 WL 355326 (C.A. 10 (N.M.)). *See also* Fed.R.Civ.P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.").

Plaintiff requests that this Court strike all pleadings and other documents signed by Mr. Molinar. [Doc. 12]. Because an unlicensed layperson has been representing Defendant Martinez, this Court may strike any pleadings, motions, and other paper signed by Mr. Molinar. *See, e.g., Moran v. A/C Financial, Inc.,* 2006 WL 2815491 (S.D.Ohio). However, even if Defendant Martinez had signed these documents, as discussed below, this case is subject to remand for lack of jurisdiction.

2. **Plaintiff's Motion to Remand for Lack of Jurisdiction Over This Matter.**

Standard of Review

For removal to be proper, federal district courts must have original jurisdiction over the action sought to be removed. 28 U.S.C. §1441. A federal district court has original jurisdiction if the case involves a federal question or diversity of citizenship. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The removing party has the burden of establishing the requirements for

federal jurisdiction. *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001).

It is well established that removal statutes are to be narrowly construed in light of the federal courts' constitutional role as limited tribunals. *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citations omitted). The Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." *Oklahoma Farm Bureau Mutual Insurance Co. v. JSSJ Corp.,* 149 Fed.Appx. 775, 778 (10th Cir. 2005).

1. <u>Federal Question Jurisdiction</u>

In the current controversy, Plaintiff filed the original complaint and did not state a federal question on the face of the complaint. [Doc. 1, Exh. 1]. Rather, Plaintiff's complaint is solely a complaint for collection of a debt and for foreclosure under N.M. Stat. Ann. §38-1-18 and/or N.M. Stat. Ann. §53-17-1 (1978). Defendant Martinez claims, however, that a federal question exists and, accordingly, this Court has jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. §1331, which provides that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." [Doc. 1]. Under a liberal reading of Defendant Martinez's pleadings, *see Price v. Philpot,* 420 F.3d 1158, 1162 (10th Cir. 2005), Defendant appears to allege violations of various federal laws. In Defendant's Notice of Removal, she alleges violations of FDCPA, RESPA, TILA, and due process of law and alleges that the lending institutions in question are subject to the National Banking Act. *Id.* No facts are provided to the court regarding these allegations. *See id.* In Defendant's Answer, Defendant claims a violation of equal protection and requests the Court to require the Plaintiff's attorneys to provide their contract with Plaintiff showing authority to bring the case and for Plaintiff to provide the original note which proves standing. [Doc. 4]. Additionally, in their Answer, Defendants state that they may have additional

4

claims under RICO, and also under 42 U.S.C. 1983 (Constitutional Injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. constitutional wrong). *Id.* Defendant includes a counterclaim; however, no allegation of any violation of the Constitution, laws, or treaties of the United States is made. *See id.* In Defendant Martinez's Response and Rebuttal, Defendant alleges possible violations of the Securities Exchange Acts of 1933 and 1934.[Doc. 10]. Defendant Martinez made no additional argument regarding federal question at the August 17, 2010 hearing. Defendant contends that her allegations made in the various pleadings confer this Court with subject matter jurisdiction under federal question. Plaintiff argues that Plaintiff seeks only to collect a debt and foreclose the security of that debt under state law and that no claim exists in the Complaint that arises out of federal law. [Doc. 6].

A case "arises under" federal law if its "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir. 2006) (citations omitted). The United States Supreme Court explained:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (internal citations omitted).

Under the well-pleaded complaint rule, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint. . . ." *Id.* at 393 (citation omitted). *See also Vaden v. Discover Bank,* 129 S.Ct. 1262, 1272 (2009); *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1236 (10th Cir. 2003) ("It is well settled that '[a] defense that

raises a federal question is inadequate to confer federal jurisdiction.'") (citation omitted). Additionally, a defendant may not remove a case brought in state court under state law simply by raising a federal question in an answer, counterclaim, or petition for removal. *See Holmes Group, Inc. v. Vornado Air Circulation Systems,* 535 U.S. 826, 831 (2002); *Vaden v. Discover Bank,* 129 S. Ct. at 1268.

Additionally, the exercise of federal question jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of §1331." *Grable & Sons Metal Products. v. Darue Engineering & Mfg.,* 545 U.S. 308, 313 (2005). In particular, the court must determine whether recognition of federal question jurisdiction will federalize a "garden variety" state law claim that will overwhelm the judiciary with cases traditionally heard in state courts. *Id.* at 318-319.

As discussed, *supra,* a federal court's jurisdiction in removal is based on the causes of action in a plaintiff's complaint. In this case, Plaintiff did not assert any constitutional violations or federal causes of action. Rather, Plaintiff seeks collection of a debt and foreclosure of security under state law. The lawsuit is simply a garden-variety collection and foreclosure action. If the Court allowed removal in this case under federal question, it would run the risk of federalizing "'garden variety' state-law claims . . traditionally heard in state courts." *See Bonadeo v. Lujan,* No. Civ. 08-0812 JB/ACT, 2009 WL 1324119 at *8 (D.N.M. April 30, 2009) (citing *Grable & Sons Metal Products, Inc. V. Darue Engineering & Mfg.,* 545 U.S. at 318). This the Court will not do.

2. <u>Diversity Jurisdiction</u>

Defendant Martinez also contends that removal is proper under diversity of citizenship. Removal based on diversity requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy which exceeds $75,000. *See* 28 U.S.C. §1332(a).

Defendant Martinez claims that she is a resident of New Mexico, that Plaintiff is a Delaware based corporation, and that the amount in dispute exceeds $75,000.  It is not necessary for this Court to find whether Defendant's allegations are true because even if Defendant can show the requirements for diversity jurisdiction, she still faces another obstacle to removal in this case. 28 U.S.C. §1441(b) provides:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties.  *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. §1441(b)(emphasis added).  The effect of §1441(b) is that where a removing party relies on diversity, removal is proper only if no defendant is a citizen of the state where the lawsuit is brought.  It is undisputed that Defendant Martinez is a citizen of New Mexico and the action was brought in New Mexico.  Accordingly, Defendant cannot remove this case to federal court based on diversity of citizenship. *See, e.g., Dupwe v. Stern,* 2009 WL 3633810 (D.N.M.)*; US Bank, N.A. v. Mayhew,* 2009 WL 2169240 (D. Colo.).

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Plaintiff's Opposition to Removal [Doc. 6] construed as a motion to remand be granted and that this case be remanded to the Second Judicial District Court, Bernalillo County, New Mexico.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1).**

**A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**